(No. 4311- 

BEULAH SPENCER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

McCARTHY AND McCARTHY, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Beulah Spencer, was employed by the State of Illinois, Department of Public Welfare, at the Elgin State hospital as a cook on July 4, 1949, and was earning $171.00 per month. She was married, but had no dependent children. Her earnings during the year immediately preceding her injury on July 4, 1949 were $1,830.00.

No jurisdictional questions are raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of her employment.

On July 4, 1949, claimant was engaged in her duties as a cook, and, because of the weather, she was using a fan. In attempting to place the fan on a cabinet, she

stepped up on a chair, which slipped and caused her to fall, resulting in an injury to her right foot and ankle. She was given immediate attention at the hospital, where she remained until October 28, 1949, when she returned to her home under the doctor's care, and returned to work on February 1, 1950. Since February 1, 1950 she has worked continuously, although she complained of pain and disability to the right foot.

The evidence showed that claimant paid the following additional expenses as the result of her injury, to-wit:

McBridge Pharmacy for ankle braces___ _____$ 3.75
West Health System for treatments _____ 102.00
Kinney Shoe Store for pair of shoes on recommendation of the Doctor 8.11

Making a total of_____$113.86

By stipulation of the attorneys for the claimant and the respondent it was shown that claimant received a total of $588.17 for non-productive time. Claimant's period of temporary total disability from the date of July 4, 1949 to February 1, 1950 was a period of 30 1/7 weeks at $22.50 per week. She should have received $678.21, leaving a balance of $90.04 to be paid on temporary total disability.

The evidence discloses, together with the examination by the Commissioner, that the claimant has some permanent disability of the right foot. The conclusion drawn from said testimony is that claimant has suffered a 10 per cent permanent partial specific loss of the use of the right foot, which would be 13½ weeks at $22.50 per week, or a total of $303.75.

The evidence was transcribed by D. V. Sheffner, Geneva, Illinois, and the statement is in the amount of $28.00, which the Court finds to be reasonable.

On the basis of this record, we make the following award:

For temporary total disability for a period of 30 1/7 weeks at $22.50 per week, or $678.21 less $588.17 leaving a balance of $90.04; for doctor and medical expenses expended by claimant $113.86; for 10 per cent permanent partial specific loss of the use of the right foot 13½ weeks at $22.50 per week, or a total of $303.75; for a total award of $507.65, all of which is due and accrued, and is payable forthwith.

An award is also entered in favor of D. V. Sheffner for stenographic services in the amount of $28.00.

The award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."